**UTAH DEPARTMENT OF CORRECTIONS, UTAH STATE PRISON, Petitioner,**

v.

**Paul S. SUCHER and the Personnel Review Board of the State of Utah, Respondent.**

**Nos. 890006–CA, 890014–CA.**

Court of Appeals of Utah.

Aug. 17, 1990.

---

722

R. Paul Van Dam, Atty. Gen. and Stephen G. Schwendiman (argued), Chief, Asst. Atty. Gen., for petitioner.

L. Zane Gill (argued), L. Zane Gill, P.C., Salt Lake City, for respondent, Paul Sucher.

Before DAVIDSON, BENCH and BILLINGS, JJ.

DAVIDSON, Judge:

This is an appeal from a Utah Personnel Review Board (PRB) decision substantially modifying the decision of a hearing officer upholding the termination of the respondent's employment. We reverse the PRB decision and reinstate the order of termination.

On June 19, 1987, while employed at the Utah State Prison, appellee Paul S. Sucher (Sucher) assisted in securing and moving a prisoner back to his cell. The prisoner was handcuffed and shackled and was being carried back to his cell by four prison employees. While struggling with the prison employees, the prisoner spat in Sucher's face. Sucher retaliated by striking the prisoner in the face. A hearing was held before a Department of Corrections administrative law judge (ALJ) to review Sucher's actions.

The ALJ recommended punishment ranging from a demotion and a thirty-day suspension to termination. These findings were transferred to prison officials who recommended termination of Sucher. Sucher appealed this decision to the Executive Director of the Department of Corrections who refused to change the earlier recommendation. Sucher was then terminated from employment.

Following termination, Sucher appealed to the PRB which, pursuant to Utah Code Ann. § 67–19–25(2) (Supp.1987) (repealed 1989), referred the matter to a hearing officer. The hearing officer, after a four-day hearing, found no basis on which to modify the decision of termination. That decision was then appealed to the PRB, which found that the hearing officer acted properly in finding the facts and applying the law. Nonetheless, the PRB overturned the termination and imposed a fifteen-month suspension without pay and other sanctions. The Department of Corrections brought this appeal questioning the propriety of the PRB's actions.

This case presents two questions on appeal. Do the facts support the charges made by the department and, if so, is the PRB authorized to modify a decision previously made by a hearing officer?

The PRB possesses only such authority as is granted by the Utah legislature. The statutory authority granted to the PRB is contained in Utah Code Ann. §§ 67–19–20 to –25 (1986 & Supp.1987) (repealed 1989).[1] Section 67–19–21 (1986) (repealed 1989) provides that an appeal may be brought to the PRB from a decision of termination.

The PRB executive secretary initially reviews an employee's appeal. Utah Code Ann. § 67–19–25(2) (Supp.1987) (repealed 1989). The executive secretary then attempts to resolve the complaint informally. *Id.* If the complaint cannot be resolved by the executive secretary, it is then referred to the PRB. Utah Code Ann. § 67–19–25(5) (Supp.1987) (repealed 1989). Here, the PRB referred the matter to a hearing officer, who has authority to hold an evidentiary hearing, take evidence, and issue findings of fact and conclusions of law. *See* Utah Admin.R. 665–1–25 (1987–88).

A hearing officer must "give latitude and deference to an agency's prior decision when the latter was supported by the find-

1. Sections 67–19–20 to –25 relating to the powers, duties, and organization of the PRB were repealed in 1989 and replaced by §§ 67–19a–101 to –408 (1990). The PRB has been changed to the Career Service Review Board.

ings of fact based on the evidence." Utah Admin.R. 665–1–25.4 (1987–88).

After the hearing officer issues a decision, an aggrieved employee may then appeal the hearing officer's decision to the PRB. The PRB's review of the hearing officer's decision is limited to determining:

> (1) whether the Hearing Officer's evidentiary decision was supported by substantial evidence; (2) whether that decision is warranted by the facts and circumstances of the case on appeal; and (3) whether the Hearing Officer's findings of fact and conclusions of law are correct and accurate based upon the evidence.

Utah Admin.R. 665–1–26.8.2 (1987–88).[2] PRB review is also limited to evidence on the hearing officer's record. Utah Admin.R. 665–1–26.9.2 (1987–88).

The PRB, in reviewing the hearing officer's decision, found that the facts supported the charge against Sucher. The PRB decision further stated that the hearing officer's findings of fact and conclusions of law were supported by the evidence. Therefore, the only grounds for reversal by the PRB in this case is "(2) whether [the hearing officer's] decision is warranted by the facts and circumstances of the case on appeal." Utah Admin.R. 665–1–26.8.2 (1987–88).

Sucher contended that he struck the inmate because he feared being assaulted with AIDS infected saliva. The hearing officer concluded, however, that "[n]o evidence was produced to the effect that AIDS can be transmitted through saliva or spit or that AIDS is such a problem at the Prison that Sucher and other Prison personnel were inadequately trained with respect to it." The hearing officer determined that Sucher acted out of retaliation and that neither a lack of AIDS related training, nor other mitigating circumstances, presented a sound basis on which he could properly modify the Department

of Corrections' decision to terminate Sucher. The hearing officer therefore found that "under the circumstances [Sucher's] termination did not constitute excessive, arbitrary or capricious discipline; and that Lieutenant Sucher was dismissed for just cause."

The PRB agreed with the hearing officer's findings that Sucher used unreasonable force against the prisoner and that he struck the inmate out of retaliation rather than in self-defense. The PRB, however, found that terminating Sucher was an excessive penalty due to his lack of AIDS training.

In an analogous case, the Utah Supreme Court held that administrative review of whether the charges warrant the sanction imposed is a limited one. The Supreme Court stated that:

> If the Merit Commission finds upon review that the facts support the charges against the deputy, then it must affirm the sheriff's disciplinary action, unless it finds the sanction so clearly disproportionate to the charges as to amount to an abuse of the sheriff's discretion.

*In re: Discharge of Jones,* 720 P.2d 1356, 1363 (Utah 1986) (a deputy sheriff's "multiple criminal and ethical violations provide sufficient cause to warrant his discharge")

The record recognizes Sucher's improper behavior and contains sufficient evidence to warrant the charges against him. Following the reasoning in *Jones,* we find that the hearing officer did not abuse his discretion in upholding the termination. The PRB therefore exceeded its authority in overturning the hearing officer's decision based on a speculative conclusion that Sucher would not have retaliated had he received adequate AIDS training. The PRB also exceeded its authority in substituting a fifteen-month suspension for the termination.[3]

---

**2.** Utah Admin.R. 665–1–26.8.2 (1987–88), which applied to the PRB, has since been superseded by Utah Admin.R. 140–1–21(D) (1989), which applies to the Career Service Review Board. Utah Admin.R. 140–1–21(D) (1989), however, contains the same language as former rule Utah Admin.R. 665–1–26.8.2 (1987–88).

**3.** The PRB has no authority to impose a fifteen-

month suspension. A disciplinary action may only include one or more of the following:

> (a) written reprimand;
> (b) suspension without pay for up to thirty days per occurrence requiring discipline;
> (c) demotion; or
> (d) dismissal.

*See* Utah Admin.R. 20–11–1.(4) (1987–88).

Reversed and remanded to the Career Service Review Board with instructions to reinstate the termination order.

BENCH and BILLINGS, JJ., concur.